Abel v. Downey.

---

## E. J. Abel v. D. J. Downey.

1. MALICIOUS PROSECUTION—*Where Arrest is Made upon Deliberate Advice of Counsel.*—Where a party consults with competent legal counsel in good faith, to ascertain what course to pursue in reference to acts done by another, and such counsel, after proper deliberation and examination into the facts, advises an arrest for a criminal offense, the party causing the arrest should not be held to respond in damages for want of probable cause for his action in the premises.

Trespass on the Case, for slander and malicious prosecution.    Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding.    Heard in this court at the October term, 1902. Reversed and remanded.    Opinion filed November 12, 1903.

W. A. FOSTER and SAMUEL M. BOOTH, attorneys for appellant.

W. K. PATTISON and J. L. BAILY, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is an action on the case for slander and for malicious prosecution. The plea was the general issue. The parties stipulated in open court that anything might be shown in defense which would be competent if properly pleaded.

The jury returned a verdict finding appellant guilty and assessing the damages of appellee at $5,000. A remittitur of $2,000 was made, and thereupon judgment was entered

for $3,000. From the entry of such judgment this appeal was taken.

The malicious prosecution was based upon the arrest of appellee upon a charge of perjury preferred by appellant. Mr. Samuel M. Booth, a member of the Chicago Bar in good standing, represented appellant before Judge Tuthill of the Circuit Court in a suit between the parties hereto, in which the alleged perjury was committed. Appellee there swore that he had never been paid a certain sum of money. Mr. Booth testifies that at a later date appellant brought to him a receipt for that money signed by appellee, " and asked what I thought of Downey testifying as he did about him (appellant) not paying the money. I said I thought it was perjury, and he should be made an example of. He said, ' If you think there is a case of perjury, go ahead.' I was pretty busy, and about July 14th had him (appellee) arrested."

Appellant swears that he showed such receipt to his attorney, Mr. Booth. " I told Mr. Booth he (appellee) swore that he was never paid, and never was given credit for any such payment. He (Mr. Booth) said, ' That is perjury; have him arrested.' He would advise me to have him arrested. I said, ' If you think so, go ahead.' It was upon his advice I had the complaint sworn out and amended complaint." The foregoing evidence stands undisputed in the record.

Where a party consults with competent legal counsel in good faith, to ascertain what course to pursue in reference to acts done by another, and such counsel, after proper deliberation and examination into the facts, advises an arrest for a criminal offense, the party causing the arrest should not be held to respond in damages for want of probable cause for his action in the premises. This is the rule laid down in Ross v. Innis, 26 Ill. 259, from which there has been no substantial departure. 1 Am. & Eng. Ency. 899, 2d Ed., where the Illinois cases upon this subject are collected.

Appellant submitted this question of perjury to his

attorney. Mr. Booth was fully advised of all the facts upon which a prosecution could be based. After holding the matter in abeyance for several days he advised the arrest. This brings the case clearly within the rule which in this state governs actions of this character. Had the declaration counted upon the malicious prosecution only, logically the verdict under the evidence must have been for appellant. A substantial part of the large sum awarded by the jury as damages in this case probably, if not certainly, was given appellee as compensation for the indignity he suffered by reason of the arrest. Counsel for appellee speak of this action as a combined case, as including an action for slander, and also an action for malicious prosecution. In commenting on the motion for new trial, they say:

" After much discussion it was determined that $3,000 was a fair sum to be assessed in these two cases."

How much was assessed for the malicious prosecution we do not know; nor can we grant any relief in the premises other than by ordering a new trial.

It is not necessary to discuss the other assigned errors.

The judgment of the Superior Court is reversed and the cause is remanded.